Tilghman C. J.
Henry Branyan, the plaintiff below, i • , i - i- , , , elaimed under a warrant to himselr, tor the land in dispute, dated, 7th December, 1807; by virtue of which, a survey was made, the 14th April, 1808, containing 16 acres, and perches. It appeared in evidence, that for several years prior to the date of the plaintiff’s warrant, he had rented and lived upon an adjoining tract of land, but. had taken into tivation, and raised grain upon, part of the land in dispute, which was then vacant. The President of the Court Common Pleas, in his charge to the jury, told them, that before a warrant could legally issue, it was necessary, that grain should be raised with an intent to make a settlement; that is to say, with intent to reside .on the land, and support a family.” To this opinion, the counsel for the plaintiff excepted.
By the act of the 22d September, 1794, it was enacted, “ that no application should be received at the land office, for any land vvithin the Commonwealth, except for such land, whereon a settlement bad been or should thereafter be, made, *502 grain raised, and a person or persons residing thereon.” In order to constitute a settlement, there must be a residence on land, with an intention of making it a place of abode, and t]le means of supporting a family. The legislature has manifested great anxiety to have the vacant lands settled, and for that purpose, has given, not only a preference, but an exclusive preference, to such persons as should reside on the land with their families. But there must be no trick, or evasion, and in order to make the matter more sure, grain must be raised, before the issuing of the warrant. This raising of grain, is inseparably coupled with a settlement, or an intent to make a settlement. It will be sufficient, if it be raised in contemplation of following it up by residence; for it is often very convenient to make a crop, before the family come to reside on the land. But to take possession of vacant land, and raise grain, without an intent to make a settlement, so far from being authorised by law, is a trespass. It deserves no favour, because it contravenes the object of the legislature, by preventing settlers from coming on the land. There can be no commencement of legal title, without some act on the land, with a view to residence and the support of a family; and the first stroke of the axe, or furrow of the plough, with these views, is the commencement of a settlement, which, if persevered in according to law, will end in a good title. This is the true construction of our act of assembly. The charge of the President was therefore perfectly right, and the judgment should be affirmed.
Judgment affirmed.